BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00006-KJM-GGH |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $96,784.65 IN U.S. CURRENCY, SEIZED FROM SAFE UNION ACCOUNT NUMBER 483353, HELD IN THE NAME MJ'S WELLNESS INC., | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 23, 2011, the Internal Revenue Service ("IRS"), executed a Federal seizure warrant at Safe Credit Union located at 4636 Watt Avenue, North Highlands, California. The agents seized approximately $96,784.65 in U.S. Currency from Safe Credit Union Account Number 483353, held in the name of MJ's Wellness Inc. (hereafter the "defendant funds"). IRS then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing

notice to all others.  On or about November 10, 2011, the IRS received a claim from Mark R. Mitnick asserting an ownership interest in the defendant funds.

2.   The government represents that it could show at a forfeiture trial that on September 23, 2011, IRS agents executed a Federal seizure warrant on the defendant funds.  The agents seized approximately $96,784.65 in U.S. Currency that was allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

3.   Without admitting the truth of the factual assertions contained above, Mark R. Mitnick specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Mark R. Mitnick agrees that an adequate factual basis exists to support forfeiture of the defendant funds.  Mark R. Mitnick hereby acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Mark R. Mitnick shall hold harmless and indemnify the United States, as set forth below.

4.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

5.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

6.   The parties herein desire to settle this matter pursuant

to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

8. Upon entry of this Consent Judgment of Forfeiture, $81,784.65 of the $96,784.65 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

9. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $15,000.00 of the $96,784.65 in U.S. Currency, shall be returned to potential claimant Mark R. Mitnick.

10. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

11. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

12. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

13. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: February 9, 2012.

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

DATED: February 9, 2012.

_____
UNITED STATES DISTRICT JUDGE